IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES I. GOFF<br><br>Plaintiff<br><br>VS.<br><br>GENE POPE, Sheriff, *et al.*,<br><br>Defendants | NO.  5:08-CV-171 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is the a motion seeking summary judgment filed by defendants Gene Pope, Sandra Thurston, and Rod Whitehead against plaintiff Charles I. Goff.[1]  Tab #16.  On February 24, 2009, the undersigned notified plaintiff Goff that a motion seeking summary judgment had been filed against him and ordered him to file a response thereto within thirty days.  Tab #19.  To date, plaintiff Goff has **failed to respond** to the defendant's motion.  Nevertheless, it is the obligation of the court to ensure that the standards for summary judgment are met.

### SUMMARY JUDGMENT STANDARD

As was noted in the court's earlier notice to the plaintiff, Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

---

[1] In his Complaint, plaintiff Goff also listed Sandra Cook as a defendant.  Defendant, having paid the full filing fee, was sent a provided with a Rule 4 packet and advised that it was his responsibility to serve the complaint upon all defendants within one-hundred-twenty days from the filing of his complaint.  Tab #4.  A review of the docket indicates that waivers of service were returned on defendants Pope, Thurston, and Whitehead though no service has been perfected upon Sandra Cook.

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff Goff has failed to respond to defendants' motion seeking summary judgment despite specific direction from the court to do so.  Accordingly, and based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in their STATEMENT OF UNDISPUTED MATERIAL FACTS.  Tab #17.  Furthermore, the court finds that there is no genuine dispute on any issue.

Plaintiff Goff alleges that his constitutional rights were violated while he was in custody at the Butts County Jail.  Specifically, Goff claims that the defendants refused to provide adequate medical care for his spinal condition.  He further alleges that as a result of the defendants' failure to provide adequate care, he is now confined to a wheelchair.

Plaintiff's claims that his constitutional rights were violated by the defendants are not substantiated by the evidence in the record.  The defendants have submitted a brief, several affidavits, unanswered requests for admission, and other evidence in support of their motion seeking summary judgment.  These uncontested documents show that the plaintiff's constitutional rights were not violated by the defendants.  Therefore, no deprivation of the plaintiff's constitutional rights under 42 U.S.C. §1983 has been established.

Accordingly, **IT IS RECOMMENDED** that the defendants' motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED this 13th day of JULY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE