THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES I. GOFF, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:08-cv-171 (CAR) |
| GENE POPE, SANDRA THURSTON, | : | |
| ROD WHITEHEAD, and SANDRA COOK, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |

### ORDER ON RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

This case is before the Court on the Motion for Summary Judgment of Defendants Gene Pope, Sandra Thurston, and Rod Whitehead. Defendant Sandra Cook has not received service of process and has not appeared in the case. The Motion for Summary Judgment was submitted for review by the United States Magistrate Judge, who recommends that the Motion for Summary Judgment be granted. Plaintiff has not entered an objection to the Recommendation.

The Court's docket indicates that Plaintiff has neglected to prosecute his lawsuit. Plaintiff filed his Complaint on May 21, 2008, and filed a motion for leave to proceed *in forma pauperis* on June 6, 2008. Since then, Plaintiff's only activity in the case has been to send a letter to the Clerk's Office regarding service of process on Defendant Cook and to send a notice of change of address on February 9, 2009. It also appears from representations of Defendants' counsel that Plaintiff did not respond to written discovery requests. Plaintiff did not respond to the Motion for Summary Judgment, despite an order from the Magistrate Judge directing him to do so, and did not object or

1

respond to the Recommendation. Despite Plaintiff's apparent abandonment of his claims, the Court has reviewed the merits of the Plaintiff's Complain, in comparison with the evidence submitted by the Defendants in this case.

Upon review of the pleadings and evidentiary materials, the Court agrees with the conclusion of the Magistrate Judge that there are no genuine issues of material fact and that Defendants Pope, Thurston, and Whitehead are entitled to judgment as a matter of law. The allegations in the Complaint and the medical records submitted by Defendants are generally consistent. The record shows that Plaintiff was arrested and incarcerated in the Butts County Jail on May 31, 2006. Several months before his arrest he had undergone a surgical fusion of his cervical spine. In his Complaint, Plaintiff alleges that he had been admitted to Sylvan Grove Hospital just five days before his arrest, on May 26, 2006, for treatment of severe pain and complications from the surgery.

Plaintiff contends that he continued to suffer pain and complications from the surgery while incarcerated. According to the Complaint, he filed requests or grievances asking for medical care "almost daily," and his mother and girlfriend contacted the jail asking for help. The medical records from the jail confirm these allegations to an extent. There are three inmate request or sick call request forms in the record of this case. On one of the forms, Plaintiff states that prior to his arrest he was scheduled to have an MRI performed on June 6, 2006. A handwritten note on the form, signed by a nurse Lloyd, states that Plaintiff was informed that he would probably not get the MRI while he was incarcerated at Butts County Jail. On two other forms, dated June 20 and June 23, Plaintiff complains of pain and numbness on his left side, swelling in his neck and legs, and numbness. Progress notes from the jail's health care contractor, Georgia Correctional Health, LLC,

show that Plaintiff's girlfriend visited the jail on June 21, 2006, to request that Plaintiff be provided with additional pain medications.

The progress notes submitted by the Defendants show that Plaintiff was closely monitored during his incarceration at Butts County Jail. He was given pain medications and other prescribed medications on a regular basis. The notes indicate that he appeared to function normally until the end of August and beginning of September. The progress notes show that Plaintiff complained of severe pain and shortness of breath during an examination on September 1, 2006. Later that same day he was observed lying on his bunk staring at the ceiling, with a wild look in his eyes. On September 3, he was observed sitting on the floor in the shower with his legs crossed. A nurse examined him and found that he was breathing slowly. Plaintiff complained of "shocks" going into his legs. He was returned to his cell, where he was later observed lying under his bunk on the floor. On September 4, Plaintiff reported to sick call complaining of pain in his back, confusion, and hallucinations of cats on the ceiling. The nurse observed that his heart rate was in excess of 120 beats per second. It appears that he was seen by a physician who ordered an X-ray of the lumbar spine, a septic work-up, and various other tests, to be performed "stat."

The results of the tests were received on September 6, 2006, at which time the doctor ordered that he be transported to the emergency room of Henry County General Hospital. The medical records do not show what treatment Plaintiff received at the hospital. In his Complaint, Plaintiff alleges that he was treated for an advanced spinal infection that required surgical interventions and kept him hospitalized for four months. On September 18, 2006, while he was hospitalized at a prison medical facility in Atlanta, Plaintiff was released to the custody of the Georgia Department of Corrections.

Defendants are entitled to summary judgment in this case because there is insufficient evidence to create a genuine issue of material fact as to whether any of the jail officials named as Defendants in this case was deliberately indifferent to Plaintiff's serious medical needs.  A civil rights action under 42 U.S.C. § 1983 is not a medical malpractice action.  To prove a violation of his constitutional rights, a plaintiff must show that jail officials engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The records indicate that Plaintiff did in fact have serious medical needs, but do not show that any of the Defendants acted with deliberate indifference to those needs.  The records show that the jail contracted with a medical provider to provide health care to inmates.  The records show that Plaintiff received extensive attention from the doctors and nurses retained by the jail and that the jail officials provided medication and treatment as directed by the medical professionals.  There is no evidence to indicate that any of the Defendants named in this case interfered in any way with the provision of care by the medical professionals under contract with the jail.  The evidence is thus sufficient to establish that the Defendants acted in accordance with the constitutional requirements of the Eighth and Fourteenth Amendments.

Accordingly, the Recommendation of the United States Magistrate Judge (Doc. 20) is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**.  As recommended, Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**, and judgment shall be entered in favor of Defendants Pope, Thurston, and Whitehead.

Defendant Cook has never received service of process in this case.  On July 13, 2009, the United States Magistrate Judge ordered Plaintiff to show cause why his claims should not be

dismissed for failure to perfect service within the time provided by the Federal Rules of Civil Procedure.  Plaintiff did not respond to that Order.  His claims against Defendant Cook are therefore **DISMISSED** without prejudice, pursuant to Fed.R.Civ.P. 4(m).

It is SO ORDERED this 20th day of August, 2009.

>S/ C. Ashley Royal
>C. ASHLEY ROYAL, JUDGE
>UNITED STATES DISTRICT COURT

chw